UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RLI INSURANCE COMPANY,
a foreign corporation,

        Plaintiff,

vs.

FLORIDA BEAUTY EXPRESS, INC.,
a Florida corporation; and TEMPEST
TRANSPORTATION, INC., a Florida
corporation,

        Defendants.
_____/

## COMPLAINT

Plaintiff, RLI INSURANCE COMPANY ("RLI"), through its undersigned counsel, sues Defendants, FLORIDA BEAUTY EXPRESS, INC. ("Florida Beauty"), and TEMPEST TRANSPORTATION, INC. ("Tempest") (collectively referred to herein at times as "Defendants"), and alleges:

### JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy is between parties that are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and cost.

2. RLI is an Illinois corporation that is authorized to conduct business in Florida, with its principal place of business located in Peoria, Illinois, making it a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(1).

3. Florida Beauty is a Florida corporation with its principal place of business located in Miami, Florida, making it a citizen of Florida pursuant to 28 U.S.C. § 1332(c)(1).

4. Tempest is a Florida corporation with its principal place of business located in Miami, Florida, making it a citizen of Florida pursuant to 28 U.S.C. § 1332(c)(1).

5. Venue is appropriate in this Court because Florida Beauty's and Tempest's principal offices are located within the boundaries of the Southern District of Florida and within one of the counties within the province of the Miami Division of this Court.

## FACTS

6. Defendants are transportation companies that provide, among other things, carrier and transportation services and, from time to time, require certain policies of insurance.

7. RLI issued certain policies of insurance to Florida Beauty and Tempest.

8. As a condition precedent and prerequisite to RLI issuing insurance policies on Florida Beauty's and Tempest's behalf, Florida Beauty and Tempest executed, among other things, a Self-Insured Retention Agreement ("SIR Agreement") in RLI's favor.  A true and correct copy of the SIR Agreement is attached hereto and incorporated herein by reference as **Exhibit "A."**

9. The SIR Agreement relates to the Excess Truckers Indemnity and Business Auto policies with policy numbers LET0010201, LET0010202, LBA0010781 and LBA0010782, which collectively are referred to as "the Policy" in the SIR Agreement.

10. Under the SIR Agreement, the Defendants agreed to, among other things, deposit and maintain with RLI certain collateral as security ("Security") to insure the performance of the Defendants' "Obligations." SIR Agreement, §3(a). "Obligations" is defined in the SIR Agreement as:

> all indebtedness and other obligations (direct or contingent and whether for the payment of money or the taking of action or both) of the Insured to the Company now or hereafter existing under or in connection with (a) this Agreement, the Policy, the Endorsements,

2

> Filings and Certificates, and (b) each other agreement or instrument which in any manner may give rise to a claim under the Policy (collectively, the 'Documents'); and includes the Company's reasonable costs, legal expenses and attorneys' fees incurred as a result of execution or enforcement of the Documents or any rights available under applicable law or in equity.

*Id.* at § 3(a).

11. The SIR Agreement further provides, among other things, that

> [t]he initial Security shall consist of a cash claims fund in the amount of $200,000 and a clean irrevocable standby letter of credit in the amount of $600,000 payable upon presentation of a sight draft only (and no other documents) in the form annexed hereto as Exhibit A, issued by a United States domiciled bank which is acceptable to Company.

*Id.* at § 3(a).

12. Under the SIR Agreement, the Defendants further agreed, among other things, that the total amount of Security

> shall at all times be an amount equal to at least one hundred twenty-five percent (125%) of the aggregate Reserves established pursuant to Section 1 of this Agreement, including any increases or decreases thereto as may be made, and excluding the portion of any Reserve which is greater than the SIR; provided, however, that the amount shall not be less than amount of the initial deposit set forth in Section 3(a) of this Agreement.

*Id.* at § 3(b).

13. The SIR Agreement defines "Reserve" as "the amount of money for which a claim for a loss insured under the Policy could be expected reasonably to be disposed of based upon all knowledge available at the time the Reserve is established or revised." *Id.* at § 1(a).

14. If the amount of Security that the Defendants deposit with RLI at any time declines below the requisite amounts as set forth in section 3(b), the SIR Agreement permits RLI to "advise

3

Insured in writing of any additional amounts required to be deposited as Security pursuant to the terms of this Agreement." *Id.* at § 3(c).  In such event, Florida Beauty and Tempest are required to "within fifteen (15) days of notice of a deficiency, deposit the required additional amount." *Id.*

15.     Under the SIR Agreement, the Security is to be used for purposes of satisfying the Defendants' Obligations, including, without limitation, to:

> (i) indemnify, reimburse and hold harmless Company for any payments which Company shall make in satisfaction of any claims or portions thereof which Company shall paid for any reason; (ii) reimburse the Company for losses and Loss Adjustment Expenses which are within the SIR which Company shall have paid for any reason; (iii) pay to the Company any premiums, including but not limited to, monthly payments of estimated premium, audit adjustments, and Policy premium adjustments, not received by Company within the time provided in the Policy; (iv) pay any and all fees, expenses and other sums under the Documents; and (v) satisfy the obligations contained in Section 3(e) hereof.

*Id.* at § 3(d).

16.     The SIR Agreement also grants RLI the "unrestricted right at any time to establish or revise Reserves." *Id.* at § 1(c).

17.     Under the Policy, the Defendants agreed to pay each retrospective premium amount promptly after calculation.

18.     The Defendants are also obligated under the Policy and SIR Agreement to pay or reimburse RLI all costs and loss adjustment expenses it incurs on account of any claim, including, without limitation, all attorneys' fees and other costs and fees for investigation, adjustment, or defense of any claim.

19.     At Defendants' request, and in reliance upon the Defendants' undertaking of the various obligations under the SIR Agreement, RLI issued the Policy.

20. RLI has since received numerous claims against the Policy, and has been forced to incur costs and loss adjustment expenses as a result of same.

21. Specifically, between March 2021 and the present, RLI has consistently demanded that Defendants pay and reimburse it for numerous costs and loss adjustment expenses, totaling $146,456.89, that RLI has incurred as a result of various claims.

22. RLI has also demanded payment of $998,526.00 in unpaid and outstanding premiums due under the Policy and SIR Agreement.

23. RLI reasonably fears that it will continue to suffer losses and incur damages, costs, and fees insofar as RLI faces further and ongoing liability as a result of open and unresolved claims and/or other unknown claims against the Policy, and otherwise may be forced to satisfy certain of the Defendants' Obligations including with regard to, among other things, costs and loss adjustment expenses and/or premiums due under the Policy. Thus, RLI's damages and losses are continuing in nature.

24. Despite RLI's demand, the Defendants have failed and/or refused to pay RLI any amount of the outstanding costs or loss adjustment expenses, or for the unpaid and outstanding premiums due and owing to RLI.

25. RLI retained the undersigned attorneys to represent it in this action, and is obligated to pay these attorneys a reasonable fee for their services rendered.

26. All conditions precedent to bringing this action have been performed or, in the alternative, have occurred or been waived.

## COUNT I
### (Breach of Contract)

27.     RLI realleges and incorporates paragraphs 1 through 26 above as though fully set forth herein.

28.     The Defendants entered into the SIR Agreement with RLI on or about August 1, 2016.

29.     Pursuant to the SIR Agreement, the Defendants promised to pay and reimburse RLI for any and all costs and loss adjustment expenses incurred as a result of claims.

30.     The Defendants additionally agreed to pay premiums under the Policy as they came due.

31.     RLI has fully performed its obligations under the SIR Agreement.

32.     The Defendants materially breached the SIR Agreement by, among other things, failing and/or refusing to: (1) pay or reimburse RLI for the $146,456.89 in costs and loss adjustment expenses due to it; (2) pay the $998,526.00 in unpaid and outstanding premiums due under the Policy and SIR Agreement; and/or (3) satisfy their other Obligations under the Policy and SIR Agreement

33.     As a direct and proximate result of the Defendants' breaches of the SIR Agreement, RLI has suffered, and will continue to suffer, damages.

34.     RLI is entitled to an award of its attorneys' fees and costs pursuing this claim according to the SIR Agreement.

WHEREFORE, RLI respectfully requests that this Honorable Court enter judgment against the Defendants, jointly and severally, for breach of contract, damages in an amount to be proven

at trial in excess of $1,144,982.89, costs, interest, attorneys' fees and such further relief as this Court deems just and proper.

                                                PASKERT DIVERS THOMPSON

*/s/ Robert C. Graham, Jr.*
BRETT D. DIVERS, ESQ.
Florida Bar No. 0973246
bdivers@pdtlegal.com
ROBERT C. GRAHAM, JR., ESQ.
Florida Bar No. 105951
rgraham@pdtlegal.com
PASKERT DIVERS THOMPSON
100 North Tampa St., Ste. 3700
Tampa, FL 33602
(813) 229-3500 (Telephone)
(813) 229-3502 (Facsimile)
*Counsel for RLI Insurance Company*